UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

BRANDY SUE RAYBURN
DUANE LAMONTE MCCRAY

CASE NO. 3:20-cr-123-J-34PDB
18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about April 2020, and continuing through on or about May 3, 2020, in the Middle District of Florida, the defendant,

BRANDY SUE RAYBURN,

knowing that she had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Sale, Manufacture, or Deliver, or Possession with Intent to Sell, Manufacture, or Deliver a Controlled Substance, on or about February 25, 2011, and

2. Three Counts of Sale, Manufacture, Deliver Cocaine, on or about February 4, 2014,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Remington, 9mm pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## COUNT TWO

From in or about April 2020, and continuing through on or about May 3, 2020, in the Middle District of Florida, the defendant,

DUANE LAMONTE MCCRAY,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Sale of Cannabis, on or about January 19, 2011,

2. Sale, Manufacture, Deliver Cocaine, on or about August 19, 2015,

3. Two Counts of Sale or Delivery of Cocaine, on or about August 19, 2015, and

4. Sale or Delivery of Cocaine, on or about June 28, 2018,

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Remington, 9mm pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## COUNT THREE

On or about January 21, 2020, in the Middle District of Florida, the defendant,

BRANDY SUE RAYBURN,

did knowingly and intentionally distribute a controlled substance, which

violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendants, BRANDY SUE RAYBURN and DUANE LAMONTE MCCRAY, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The allegations contained in Count Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

4. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant, BRANDY SUE RAYBURN, shall forfeit to the United States,

pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

5. The property to be forfeited includes, but is not limited to, a Remington Arms Company, Inc. Cal: 9, Model R51, Serial Number 0017032R51, and 13 rounds of Cal: 9 ammunition.

6. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Beatriz Gonzalez
Assistant United States Attorney

By: _____
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

5

FORM OBD-34
9/11/20 Revised

No. _____

# UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

BRANDY SUE RAYBURN
DUANE LAMONTE MCCRAY

## INDICTMENT

Violations:  Count 1: 18 U.S.C. § 922(g)(1)
Count 2: 18 U.S.C. § 922(g)(1)
Count 3: 21 U.S.C. § 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this _16th_ day

of September, 2020.

_____
Clerk

Bail $ _____

GPO 863 525